# GROUNDS FOR RELIEF AND SUPPORTING FACTS

| **Grounds** | **Pages** |
|---|---|
| 1. Ground 1 | 1-3 |
| 2. Ground 2 | 4-5 |
| 3. Ground 3 | 6-7 |
| 4. Ground 4 | 8-9 |
| 5. Ground 5 | 10-11 |
| 6. Ground 6 | 12 |

**Items**

| | |
|---|---|
| Question 18: Timeliness of Petition | 13-14 |

FILED
FEB 21 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## GROUND ONE

THE PETITIONER WAS DENIED DUE PROCESS AND THE PROTECTION FROM DOUBLE JEOPARDY WHEN THE TRIAL COURT SENTENCED HIM FOR AN ACQUITTED COUNT IN VIOLATION OF UNDER THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

### SUPPORTING FACTS

A carbon copy, undifferentiated indictment that had 5 counts of unlawful sexual conduct with a minor, charged the Petitioner. All the counts carried same time, date, and none of the counts had a venue or location.

The prosecutor's bill of particulars describes each count as follows:

| | | |
|---|---|---|
| Count 1.) | Computer Room | Jan 12, 2010-June 10, 2011 |
| Count 2.) | Bedroom | Jan 12, 2010-June 10, 2011 |
| Count 3.) | Computer Room (2nd) | Jan 12, 2010-June 10, 2011 |
| [1]Count 4.) | Back TV Room | Jan 12, 2010-June 10, 2011 |
| Count 5.) | Anywhere in the House | Jan 12, 2010-June 10, 2011 |

A jury trial was conducted and the alleged victim gave vague account of one alleged account, what the prosecutor claimed to be first incident. After the prosecutor's case-in-chief, the defense orally requested for motion of acquittal. The trial court considered the oral motion and dismissed two of five counts the Petitioner was facing.

The trial judge elected to dismiss count 5 described in the bill of particulars as (anywhere in the house) and gave the defense an choice of picking "any count they would like." The defense elected count 4 described in bill of particulars (back TV room) most recent count. The

---

[1] Count 4 and count 5 were dismissed on a direct verdict at the end of prosecutor's case in chief.

1

trial judge entered a direct verdict for the acquittal of count 4 (back TV room) and count 5 (anywhere in the house).

The prosecutor's request to orally amend the counts the trial court granted the request to changing the prosecutor's theory in the middle of trial and after the jury already heard the testimony of the alleged victim.

The prosecutor orally amended the (location and date) of the indictment as follows:

Count 1.) Computer room     Jan 12, 2010-June 10, 2011
                   to
       Living room              Winter

Count 2.) Bedroom          Jan 12, 2010-June 10, 2011
                   to
       Bedroom                 Spring

Count 3.) Computer Room (2nd)   Jan 12, 2010-June 10, 2011
                   to
       Back TV Room         Summer

Before the return of the jury, the trial judge ordered a female bailiff to retype a new modified indictment in his chambers with only 3 of the remaining undifferentiated counts.

When the trial jury returned to the courtroom, the trial judge did not instruct the jury on the dismissal of the original count 4 (back tv room) or count 5 (anywhere in the house). The prosecutor continued to show and referred to the alleged evidence used for the acquitted count 4 that the trial court dismissed, to support count 3 to further mislead the jury in violation of the Petitioner's due process.

During closing arguments, the prosecutor gave the description of Count 4 from the bill of particulars for Count 3 to the jury whom used the information to convict the Petitioner of the acquitted count 4 that the prosecutor portrayed as count 3.

2

The jury found the Petitioner guilty of all 3 remaining counts including the acquitted count 4 that was renumbered as count 3 and the trial judge sentenced the him to an maximum and consecutive sentences, including imposing a criminal punishment for the acquitted offense (Count 4) in violation of Double Jeopardy Clause pursuant to the 5th Amendment of the U.S. Constitution.

## GROUND TWO

PETITIONER WAS DENIED PROTECTION FROM DOUBLE JEOPARDY, WHEN THE APPELLATE COURT AND THE TRIAL COURT ERRED BY ADDING A CRIMINAL PUNISHMENT TO A COMPLETED PRISON TERM IN VIOLATION OF THE 5TH AMENDMENT OF THE U.S. CONSTITUTION.

### SUPPORTING FACTS

The Petitioner was sentenced June 18, 2012, in the Stark County Court of Common Pleas by Judge Forchione who imposed 60 months on each count for a total of 180 months the trial court grouped an additional criminal punishment.

On July 28, 2017, the Petitioner filed a motion for reconsideration of his sentence to the Stark County Court of Common Pleas. He argued that the trial court failed to notify him of his appellate rights, improper imposition of post-release control, the penalties associated with the violation of post-release control, failing to incorporate the post-release control into its sentencing entry, failure to make the statutory finding to impose consecutive sentences, and sentencing the petitioner on an acquitted count.

The trial court denied the motion on August 1, 2017. The Petitioner timely filed an appeal to the Fifth District Court of Appeals against the trial court's judgment entry denying Petitioner's motion for reconsideration of sentence. The Petitioner's third assignment of error raised the issue post-release control was void because the trial court failed to incorporate the statutory mandated term into the judgment entry.

The Fifth District Court of Appeals agreed with the Petitioner that the trial court failed to include terms of post-release control and the consequences into the sentencing entry rendering that portion void.

4

In the Fifth District's mandated a reversal and remand for the correction of the sentencing entry, the appellate court recognized the Petitioner was sentenced independently to five-year incarceration for each of the three counts for a aggregated total of 15 years.

Moreover, the Petitioner had completed one of the independent 5-year prison terms before the Fifth District's decision requiring the trial court to added terms of post-release control to each independent prison term by way of a (nunc pro tunc) new judgment entry.

The Fifth District Court of Appeals ignored the finality of the Petitioner sentences, who had completed one independent 5-year prison term, and ordered the trial court to add terms of post-release control for each count into its new sentencing entry including the completed valid prison term for one of the counts.

The Fifth District Court of Appeals and the Stark County Court of Common Pleas purposely ignored the Petitioner's right to be free from double jeopardy in violation of 5th Amendment to the U.S. Constitution.

## GROUND THREE

THE APPELLATE COURT ORDERED THE TRIAL COURT TO ISSUE A NUNC PRO TUNC WITHOUT CONDUCTING A STATUTORY MANDATED HEARING BEFORE ADDING VALID TERMS OF POSTRELEASE CONTROL TO THE TRIAL COURT SENTENCING ENTRY IN VIOLATION OF THE PETITIONER'S PROCEDURAL AND SUBSTANTIAL DUE PROCESS 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

## SUPPORTING FACTS

The Petitioner filed an appeal in the Fifth District Court of Appeals arguing that the post-release control was void based upon the trial court failing to follow R.C2929.19 and R.C.2967.28 to properly notify him of post-release control and failed to incorporate the notification into its sentencing entry.

The Fifth District Court of Appeals agreed to the extent that it was not in the sentencing entry and ordered a reverse and remand for the trial court to make a invalid nunc pro tunc entry to impose post-release control on each valid prison term.

In July 2006, the Ohio General Assembly enacted R.C.2929.191 provide a statutory remedy to correct failure to properly impose post-release control. It applied to offenders whom have not been release from prison and who fall into at least one of three categories: (1) those who did not receive notice that they would be subject to postrelease control, (2) those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or (3) *those who did not have both notices incorporated into their sentencing entries.*

In the instant case, the trial court failure to follow statutory law under R.C.2929.191 to hold the statutory hearing either with the Petitioner physically being present or by video-conferencing.

The Petitioner was denied procedural due process of being present at all court proceedings, depriving him from having appointed competent counsel to represent him at the statutory hearing, depriving him of his right to appeal and to have counsel appointed to perfect his appeal.

These erroneous actions of the appellate court and trial court prejudiced him from arguing against the action of adding term of post-release control to a completed prison term extending his potential punishment he could be facing once released from prison. The erroneous actions of the appellate court and trial court to add post-release control was in violation of the Petitioner's right of procedural and substantial due process under the 5th and 14th Amendments of the U.S. Constitution.

### GROUND FOUR

THE PETITIONER WAS DENIED PROCEDURAL DUE PROCESS AND SUBSTANTIAL DUE PROCESS, WHEN THE TRIAL COURT FAILED TO MAKE THE STATUTORY FACT-FINDINGS BEFORE IMPOSING CONSECUTIVE SENTENCES IN VIOLATION OF THE 5TH, 8TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

### SUPPORTING FACTS

On June 18, 2012, the trial court held a sentencing hearing after the Petitioner was found guilty by a trial jury of 3 counts of unlawful sexual conduct with a minor. At the sentencing hearing, the trial court imposed for each count an independent 5 year prison term and ordered them to run consecutive without the authority to act.

The General Assembly had re-enacted legislation ordering trial courts to make statutory mandated findings before a court have authority to impose multiple sentences to run consecutively that became effective September 31, 2011.

The trial judge failed to make those statutory mandated findings exceeded its authority and acted bias against the Petitioner imposing consecutive sentences upon him for the erroneous and non-factual reason, "since I was rudely interrupted."

The trial court failed to make the findings required under R.C2929.14(C)(4) prior to imposing consecutive sentences, therefore, prejudiced the Petitioner preventing him the due process right to challenge or correct any alleged findings used to give the trial court the authority to impose multiple sentences to run consecutively.

The trial court did not even remotely attempt to follow the statutory law R.C.2929.14 (C)(4) that is required to overcome the statutory presumption in favor of concurrent sentences R.C.2929.41(A). The trial court exceeded its authority when it ordered the multiple sentences to run consecutive without first following statutory law R.C.2929.14(C)(4).

8

Since the Petitioner was sentence after the effective date of H.B.86 which re-enacted that concurrent sentences is the rule and consecutive sentences is the exception. The trial court must comply with statutory law R.C.2929.14(C)(4) making the statutory findings before imposing the sentences consecutively the failure to do so violated the Petitioner's procedural and substantial due process rights that are protected under 5th, 8TH and 14th Amendment of the U.S. Constitution.

## GROUND FIVE

THE APPELLATE COURT AND TRIAL COURT DENIED THE PETITIONER ACCESS TO THE COURT AND THE APPEAL OF RIGHT FROM A NUNC PRO TUNC ORDER IN VIOLATION OF THE 1ST, 6TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION

### SUPPORTING FACTS

On December 18, 2017, the Fifth District Court of Appeals ordered the Stark County Court of Common Pleas to issue a new sentencing entry to add terms of postrelease control to the three independent 5-year prison terms that were imposed by the trial court.

On January 8, 2018, the trial judge Frank Forchione issued the new sentencing entry however, Judge Forchione failed to endorse upon the new judgment entry ordering the Stark County Clerk of Courts to send a copy of the new final appealable order to the Petitioner.

On February 5, 2018, the Petitioner sent a letter on the Clerk of Courts of the Stark County Common Pleas requesting a copy of the new judgment entry.

On February 21, 2018, the clerk returned the letter to the Petitioner with a responded note upon the letter informing it was not the clerk's duty to send the new final appealable order, but the prosecutor's office duty to serve the Petitioner with the new final appealable order contrary to Fed. R.Civ.P.77(d).

On March 5, 2018, the Petitioner filed a timely appeal of right under Appellate case no: 2018CA00024 to the Fifth District Court of Appeals. Appellate judge Gwin ordered the Petitioner to show cause, explaining why the appellate court have jurisdiction over the appeal.

The Petitioner filed a motion for show cause with supporting evidence that the clerk of the courts failed give reasonable notice of the new judgment entry and its failure to complete the process of notification under Fed. R.Civ.P.77(d) denying him access to the courts.

10

The appellate court Judge Gwin treated the Petitioner's Motion for Show Cause as a Motion for Leave to File a Delayed Appeal and ordered the Petitioner to submit his Appellant's brief by May 7, 2018. Judge Gwin also requested the prosecutor to file a motion of opposition against the Petitioner's Motion for Show Cause due by May 11, 2018.

In May 22, 2018, after the Prosecutorial misconduct by purposely misquoting caselaw in order to mislead the appellate court. Judge Gwin dismissed the appeal agreeing with the prosecutor's motion of opposition stating, the Clerk of Courts failure to give reasonable notice was a sufficient reason for the Fifth District Court of Appeals to deny the Petition appeal of right.

These prejudicial actions of; (1) the trial court's failure to make a notation on the new judgment entry that Petitioner be served a copy once its been journalized; (2) the clerk of courts failure to serve a copy to the Petitioner and make a notation that he has been served and the manner he was served,; (3) the Prosecutor's misconduct to misuse and mislead the Fifth District by misquoting caselaw; (4) and the appellate court failure to protect the Petitioner due process by denying him access to the court in violation of 1st, 6th, and 14th Amendments of the U.S. Constitution.

## GROUND SIX

PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW, WHEN THE TRIAL COURT DID NOT INFORM HIM OF HIS APPELLATE RIGHTS AT THE ORIGINAL SENTENCING HEARING IN VIOLATION OF 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

### SUPPORTING FACTS

On June 18, 2012, the trial court conducted a sentencing hearing. At the hearing, the defense counsel had advise to the trial court that the Petitioner (hereinafter Mr. Macksyn) did not pay his fees that a family member paid for his services and that Mr. Macksyn was indigent and would be seeking appeal. The trial judge said it would consider appointing counsel but failed to informed him fully of the appellate rights the Petitioner was entitled to.

The trial court did not inform Mr. Macksyn of his constitutional rights including being provided copies of the necessary documents to perfect his appeal and that the pursuit of the appeal would be provided at no cost.

Mr. Macksyn filed several motions before the outcome of his appeal to obtain copies of the pre-trial, trial, and sentencing transcripts. The trial court denied Mr. Macksyn's requests without reason. Mr. Macksyn wrote a letter to his appointed counsel whom responded in the negative of releasing any parts of the transcripts that he was provided with. In fact, the appointed counsel admitted that the copies were loaned to him. Furthermore, the appointed counsel filed an indigent motion requesting copies of the full and complete transcripts at state's expense on the behalf of Mr. Macksyn that was granted. However, reviewing the court docket appointed counsel returned them to the court and was given 3 separate 50% reimbursement.

The trial court failure to give full advisement of the Petitioner's constitutional right to appeal and his rights to be provided the documents to prefect the appeal at no cost was in violation the Due Process Clause under the 14th Amendment of the U.S. Constitution.

**Question 18:**
**TIMELINESS OF PETITION:**

**If your judgement of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. §2244(d) does not her your petition.**
*

**The fifth district proceedings:**

On December 18, 2017, the Fifth Appellate District reversed and remanded the trial court to add mandatory 5-year term post-release control to a new sentencing entry.

On January 8, 2018, the trial court issued a new sentencing entry adding mandatory 5 years of post-release control to "all counts. However, the trial court failed to order the clerk of courts to serve the Petitioner a copy of the new sentencing entry from which the Petitioner may appeal.

On February 5, 2018, the Petitioner checked the appearance docket and discovered that the clerk failed to place on the docket that the Petitioner been served therefore the Petitioner mailed a letter to the clerk of court for a copy of the new sentencing entry.

On February 21, 2018, the Petitioner received a copy of the new sentencing from the clerk of courts with an accompanying note on the return letter stating that it was not the duty of the clerk to send the Petitioner a copy of the new sentencing entry.

On March 5, 2018, the Petitioner mailed his notice of appeal, affidavit of indigency and motion for appointment of counsel from the judgment of conviction entered on January 8, 2018 from the Stark County Common Pleas Court. On March 12, 2018, the Petitioner's notice of appeal filed but the motion for appointment of counsel was not filed. On March 22, 2018, the Petitioner received notice of the transmission of record had been completed on March 16, 2018 and the Petitioner have 20 days to submit his brief. On March 26, 2018, the Petitioner filed an extension of time to submit his brief by May 7, 2018.

On March 26, 2018, the Petitioner receive notice of the Fifth District's March 21, 2018 order, waiving the prepayment of costs, the Petitioner also received an order by Appellate Judge W. Scott. Gwin, sue sponte review of the record and finding that the Petitioner's notice of appeal being filed "timely." The Appellate Judge ordered the Petitioner to submit a motion to show cause "why the Court would have jurisdiction over his appeal." The submission of motion was due on or before April. 20, 2018.

13

On April 9, 2018, the Petitioner submitted his motion to show cause, the Petitioner explained of the trial clerk's failure to serve a copy to the Petitioner with supporting letter from the clerk notifying him that it was not their duty to serve him a copy but it is the duty of the prosecutor to service the Petitioner a copy of the new sentencing entry. On April 13, 2018, the Petitioner received the Appellate Judge W. Scott. Gwin order granting the Petitioner's request of extension of time to file his brief and ordered the submission of the Petitioner's brief due by May 7, 2018. The Appellate Judge also notify the Petitioner that he had not yet determined if the Court has jurisdiction of his appeal.

On April 25, 2018, the Petitioner received Judge Gwin's order to show cause of April, 20, 2018. Appellate Judge Gwin construed the Petitioner's motion to show cause for a motion for delayed appeal and ordered the State to filed a motion to response on or before May 11, 2018.

On May 1, 2018, the Petitioner mailed all copies of the brief to all parties including the Stark County Prosecutor's Office. On May 7, 2018, the Brief of the Petitioner was filed and prosecutor received a copy.

On May 15, 2018, the Petitioner received the prosecutor's motion to dismiss the Petitioner's motion for show cause (construed as a delayed appeal). On May 22, 2018, the Appellate Court denied the Petitioner's access to the court and denied his right of counsel for the direct appeal against the new sentencing entry issued on Jan 8, 2018 that the court refused to send the Petitioner.

**The Ohio Supreme Proceedings:**

On July 16, 2018, the Petitioner filed an appeal to the Ohio Supreme Court from the appellate court denying him access to the court a decision that originated from the appellate court. The Clerk returned the notice of appeal based on a decision originating from the court of appeals with an accompanying letter, that if he was appealing a felony conviction, it is still possible to file a delayed appeal.

On September 18, 2018, the Petitioner filed a motion for leave to file a delayed appeal. On November 9, 2018, the Ohio Supreme Court upon consideration of the Petitioner's motion is denied.

February 6, 2020, the Petitioner placed the habeas corpus petition into the prison mail box.

14